NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 21-16774 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00131-KJM-AC |
| v. | |
| CITY OF STOCKTON; SAN JOAQUIN COUNTY; FRIAD; OSCAR OCHOA; PAUL BILLMAN; KELLY MORRIS; NICKY MORRIS; JAYNE C. LEE; J. NORTHUP, Judge; BECKY R. DIEL; SHORE; MCKINLEY; SUPERIOR COURT OF SAN JOAQUIN COUNTY; SAN JOAQUIN COUNTY DISTRICT ATTORNEY'S OFFICE; SAN JOAQUIN COUNTY PROBATION DEPARTMENT; SHORE MCKINLEY CONGER LLP; LIZARDO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 16, 2024**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:      SCHROEDER, VANDYKE, and KOH, Circuit Judges.

The motion to recall the mandate (Docket Entry Nos. 22 and 23) is granted. The February 2, 2023 order of dismissal for failure to prosecute is vacated and the appeal is reinstated.  The Clerk will file the supplemental opening brief received on February 27, 2024.

William J. Whitsitt appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion seeking to reopen his action alleging various federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion.  *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009).  We affirm.

The district court did not abuse its discretion in denying Whitsitt's motion to reopen his case because Whitsitt failed to demonstrate a basis for relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for relief under Rule 60(b)).

We do not consider Whitsitt's contentions concerning the merits of the underlying case.  *See Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) ("[A]n appeal from the denial of a Rule 60(b) motion brings up for review only the denial of that motion, . . . not the underlying judgment.").

**AFFIRMED.**

2                                                                                    21-16774